**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

SCOTT THOMAS BRADY, :
: Civil Action No. 08-2856 (JBS)
      Plaintiff, :
:
    v. : **O P I N I O N**
:
ATLANTIC COUNTY WELFARE, :
et al., :
:
      Defendants. :

**APPEARANCES**:

Scott Thomas Brady, Plaintiff pro se
#164121
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**SIMANDLE**, District Judge

    Plaintiff Scott Thomas Brady, currently confined at the Atlantic County Justice Facility, Mays Landing, New Jersey, seeks to bring this action in forma pauperis ("IFP") alleging violations of his constitutional rights.[1]

    At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)

---

    [1] Plaintiff's case was administratively terminated for failure to pay the filing fee or to submit a proper in forma pauperis application. Plaintiff has since submitted a proper IFP application and his case was reopened under separate Order.

and 1915A.  For the reasons set forth below, the Court concludes that the complaint will be dismissed, without prejudice.

## BACKGROUND

Plaintiff seeks to sue Atlantic County Welfare case workers Mia McKinzee and Mrs. King under 42 U.S.C. § 1983.  He states that the defendants placed him and his amputee wife in an unsafe housing environment, "without fire or carbon monoxide protection (caught on fire 3 operations).  After operation she moved us to another motel where we were home invaded and I was shot at 3 times in the chest."  (Complt., ¶ 3).

Specifically, Plaintiff states:

> On or about Nov. 1st 2006 Atlantic County welfare temporary rental assistance place my wife & my[self] in an unsafe environment being the Rex Motel with faulty fire detectors, black mold, broken windows, no running water.  When fire started I was not alarmed and burned very badly approx: Feb. 15th.  After coming out of the hospital they placed us at the Lamp Motel where in April we were home invaded and I was shot at 3 time[s] by the convicted defendant . . .  In May 2007 we were placed at 169 Stenn. Ave Atlantic City . . . .

(Complt., ¶ 4).  Plaintiff further contends that welfare has "been very negligent" in the placement of Plaintiff and his wife.  When Plaintiff complained, he was cut off of assistance; welfare claimed that he had not completed a drug program.  Id.  He states that he did go to the drug program, and welfare "accepted that until Plaintiff got hurt."  Welfare then moved them to a wheelchair accessible place and promised to pay rent, but did

2

not- resulting in Plaintiff's eviction and loss of property.  Id.

Plaintiff asks for monetary relief.

## DISCUSSION

### A.    Standard for Sua Sponte Dismissal

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d

902, 906 (3d Cir. 1997).  While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, ----, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).

B.   **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C.   **Plaintiff Fails to State a Claim for Relief.**

Liberally construing the complaint, Plaintiff alleges that Defendants have violated his Fourteenth Amendment due process rights by failing to protect him and placing him in danger.

However, it is well-established that "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189, 197 (1989). Notwithstanding, "in certain limited circumstances the

5

Constitution imposes upon the State affirmative duties of care and protection with respect to particular individuals." Id. at 198.

One exception to the general rule is "where the State has created or exacerbated the danger which a third party poses to the plaintiff." Nannay v. Rowan College, 101 F. Supp.2d 272, 285 (D.N.J. 2000). "When state actors knowingly place a person in danger, the due process clause of the constitution . . . render[s] them accountable for the foreseeable injuries that result from their conduct." Mark v. Borough of Hatboro, 51 F.3d 1137, 1151 (3d Cir.), cert. denied, 516 U.S. 858 (1995). Liability under the Due Process Clause may be imposed "where the harm-though at the hands of a private actor- is the product of state action that legitimately can be characterized as affirmative conduct." Id.

In Bright v. Westmoreland County, the Third Circuit re-established the four-part test to determine if a state-created danger exists in a given case:

> (1) "the harm ultimately caused was foreseeable and fairly direct;"
>
> (2) a state actor acted with a degree of culpability that shocks the conscience;
>
> (3) a relationship between the state and the plaintiff existed such that "the plaintiff was a foreseeable victim of the defendant's acts" or a "member of a discrete class of person subject to the potential harm brought about by the state's actions," as opposed to a member of the public in general; and

>     (4) a state actor affirmatively used his or her
>     authority in a way that created a danger to the citizen
>     or that rendered the citizen more vulnerable to danger
>     than had the state not acted at all.

Bright v. Westmoreland County, 443 F.3d 276, 281 (3d Cir. 2006)(internal citations and footnotes omitted), cert. denied, 549 U.S. 1264 (2007); see also Kneipp v. Tedder, 95 F.3d 1199, 1208 (3d Cir. 1996)(citations omitted).  In Kneipp, the Third Circuit noted that "the cases where the state-created danger theory was applied were based on discrete, grossly reckless acts committed by the state or state actors using their peculiar positions as state actors, leaving a discrete plaintiff vulnerable to foreseeable injury."  95 F.3d at 1208 (citations omitted).  Further, the Court of Appeals for the Third Circuit has noted that "negligent behavior can never rise to the level of conscience shocking."  Kaucher v. County of Bucks, 455 F.3d 418, 426 (3d Cir. 2006)(citing County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998)).

In this case, Plaintiff has failed to allege facts indicating the existence of the four Bright factors as outlined above.  First, Plaintiff has not alleged facts indicating that the harm caused to him was foreseeable by the defendants.  Second, liberally construing the complaint, it is possible that Plaintiff has alleged facts indicating that the defendants were negligent; however, he has not alleged facts indicating that their decisions "shocked the conscience."  See Estate of Soberal

v. City of Jersey City, 2006 WL 2085397 at *7-*8 (D.N.J. Jul 25, 2006)(unpubl.)(noting that: "Courts have consistently held that the state's mere negligence will not 'shock the conscience' for purposes of establishing a substantive due process claim" and citing cases). Nor has Plaintiff alleged facts indicating that the decision to house Plaintiff in the hotel, even if negligent, was "deliberately indifferent." See, e.g., Id. at *8 ("When a state actor has the opportunity to make a deliberate and unhurried judgment, deliberate indifference on the part of the state will generally be sufficient to shock the conscience." (citation omitted)).

Finally, Plaintiff has not alleged facts indicating that the defendants used their authority to create the danger. According to Plaintiff's complaint, Defendants made a housing decision that Plaintiff accepted. While the first hotel Plaintiff was placed in was, presumably, uninhabitable, resulting in injury to Plaintiff, the defendants cannot be said to have used their authority to create the danger of fire faced by Plaintiff. As Plaintiff notes, he and his wife were moved after the incident to a different hotel. Plaintiff's being shot at while housed at the hotel cannot be attributed to the actions of Defendants.

While the incidents complained of by Plaintiff are profound, Plaintiff has failed to allege facts indicating any violation of his constitutional rights by the defendants.

**CONCLUSION**

For the reasons set forth above, Plaintiff's claims are subject to dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.[2]  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted in this opinion, the Court will grant Plaintiff leave to reopen and file an amended complaint.[3]  An appropriate order follows.

                                                  s/ Jerome B. Simandle
                                                  JEROME B. SIMANDLE
                                                  United States District Judge

Dated: **May 6, 2009**

---

[2] The Court notes that "'[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' ... The dispositive inquiry is whether the district court's order finally resolved the case." Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995) (quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted).  In this case, if Plaintiff can correct the deficiencies of his complaint, he may file a motion to reopen these claims in accordance with the court rules.

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  See id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  See id.